814 P.2d 773

**In re the Matter of Arnold V. ANDERSON, Justice of the Peace, Sierra Vista, Cochise County, State of Arizona.**

**No. JC–91–0001.**

Supreme Court of Arizona,
En Banc.

July 23, 1991.

Elledge, Kelliher & Irwin, P.C. by Karl
D. Elledge, Sierra Vista, for respondent.

1. The Commission comprises judges of the court
of appeals, the superior court, a justice of the
peace, a municipal court judge, two members of
the State Bar of Arizona, and three citizens.
Ariz. Const. art. 6.1, § 1.

Harriet L. Turney, Chief Bar Counsel,
State Bar of Arizona, Phoenix, for Com'n
on Judicial Conduct.

## OPINION

FELDMAN, Vice Chief Justice.

The Commission on Judicial Conduct
(Commission) recommended that this court
administer a public censure to Arnold V.
Anderson (respondent), a justice of the
peace. Established by article 6.1 of the
Arizona Constitution, the Commission in-
vestigates and hears complaints against
judges and recommends to this court the
disposition of judicial disciplinary cases.[1]
*See In re Marquardt,* 161 Ariz. 206, 207,
778 P.2d 241, 242 (1989); *In re Haddad,*
128 Ariz. 490, 491–92, 627 P.2d 221, 222–23
(1981). We have jurisdiction under article
6.1, §§ 2, 3, and 4 of the Arizona Constitu-
tion, and Rule 11, Rules of Procedure for
the Commission on Judicial Conduct, 17B
A.R.S.

## FACTS

On October 16, 1990, a statement of
charges was filed with the Commission and
formal proceedings were instituted against
respondent, a non-lawyer elected justice of
the peace serving in the city of Sierra Vista
in Cochise County. Respondent filed an
answer, and a hearing was scheduled. Be-
fore that hearing, respondent and the Com-
mission entered into a Consent to Sanction
(Consent), filed January 2, 1991, in which
respondent acknowledged that his conduct
violated Rule 81, Rules of the Supreme
Court, Canons 1, 2, 3, and 5 of the Code of
Judicial Conduct.[2] Respondent further ac-
knowledged that his conduct violated arti-
cle 6.1, § 4 of the Arizona Constitution and
that "such conduct and such violations war-
rant public censure, and respondent agrees
to a public censure." Consent at 4.

2. Rule 81, Ariz.R.Sup.Ct., 17A A.R.S., adopts the
Code of Judicial Conduct of the American Bar
Association—as amended by this court—and
provides that the Code "shall govern the conduct
of the judiciary of this state in the administra-
tion of their offices."

On the basis of respondent's admissions, the Commission made findings of fact and conclusions of law and recommended that this court publicly censure respondent. The recommendation is before us on an extremely limited record, as the Commission did not hold a hearing and did not take evidence. Respondent lost in the general election on November 6, 1990 and his four-year term as justice of the peace had expired when the Commission made its recommendation.

Count 1 of the statement of charges involved respondent's treatment of a criminal defendant charged with disorderly conduct. Respondent admitted that:

On February 3, 1990, Candace Maldonado, a Sergeant with the Medical Department Activity Company, Fort Huachuca, Arizona, appeared in respondent's court for an initial appearance and arraignment on a charge of disorderly conduct.

When Sgt. Maldonado appeared before respondent, respondent advised her of her rights, indicating that she could plead guilty or not guilty. Sgt. Maldonado entered a plea of not guilty. Respondent advised Sgt. Maldonado that she would have to post bond. Respondent left the courtroom with Sgt. Patricia Baiochetti, an M.P. and court liaison, with whom he discussed Sgt. Maldonado's plea. Respondent placed a telephone call to DPS Officer Paul Gruen, the arresting officer. With Sgt. Baiochetti on the other line, respondent questioned Officer Gruen about his arrest of Sgt. Maldonado. Respondent and Sgt. Baiochetti returned to the courtroom; Sgt. Maldonado again pleaded not guilty. She was later tried, convicted and fined.

Consent at 1–2. The Consent does not reflect that respondent was originally charged with telling Sgt. Baiochetti to explain to Sgt. Maldonado that if she pleaded guilty that day, he would fine her $137, but if the case went to trial and she was found guilty, she would be fined $411. The fine actually imposed on Sgt. Maldonado was $274.

With regard to count 2, which involved respondent's use of a telephone in his courtroom, respondent specifically admitted:

In October, 1986, the Commission on Judicial Qualifications (now Conduct) commenced an investigation against respondent, *inter alia*, for maintaining a telephone in his courtroom which he used during judicial proceedings and to call what he referred to as "friends of the court" to assist him in his judicial decisionmaking. In response to the Commission, submitted on October 8, 1986, respondent represented that he had discontinued his practices of using the telephone during trials and calling "friends of the court" to reach conclusions about the disposition of matters before him. In June of 1987, the Commission, through its executive director, confirmed in a letter to respondent that he had represented that these practices had been discontinued.

After receiving this correspondence from the Commission's executive director, respondent did not remove the telephone from his courtroom. He continued to maintain a telephone in his courtroom which he used as an intercom during court proceedings. . . . The telephone was removed from respondent's courtroom on June 21, 1990, after commencement of the investigation in this matter.

In February 1990, Tim Ufford and his brother-in-law, David Melvin Banks, were arrested by Cochise County Deputy Sheriff Mark Daniels on the charge of possession of marijuana. Mr. Ufford and Mr. Banks appeared before respondent. Mr. Ufford pleaded guilty to the charges; Mr. Banks pleaded not guilty on the grounds that he did not have personal possession of the marijuana. In the presence of Mr. Ufford and Mr. Banks, respondent telephoned Deputy Daniels and asked about the details of the arrests. Thereafter, respondent fined Mr. Ufford $1,036 and dismissed the charges against Mr. Banks.

Consent at 2–3.

Count 3 concerned conflicts of interest, and respondent admitted:

Respondent is a member of the board of directors of Sierra Vista Community Hospital ("the Hospital") and has held that position at least since 1982. Respondent receives a $45 monthly stipend for his service on the board.

While a member of the hospital board, respondent presided over the matter of Colin J. Ward, dba Central Creditors of Sierra Vista v. Bowie Health Services, Inc., No. 5S3900551. The action arose from a bill in dispute from the hospital. Defendant filed a notice of change of judge on May 13, 1989, which respondent denied on May 31, 1989. The notice of change of judge was raised again at trial. Respondent took the position that it was discretionary because it was not in proper form, and, therefore, refused to disqualify himself from the case.

While serving on the hospital board, respondent has presided over numerous cases in which Sierra Vista Community Hospital had been a party or assignor of a party interest. Respondent did not disqualify himself from those cases nor did he disclose on the record his relationship with Sierra Vista Community Hospital in every case.

Consent at 3–4.

### DISCUSSION

After due consideration of the Commission's recommendations, this court is empowered to discipline a judge for conduct that "constitutes wilful misconduct in office, wilful and persistent failure to perform his duties, habitual intemperance or conduct prejudicial to the administration of justice that brings the judicial office into disrepute." Ariz. Const. art. 6.1, § 4; *see also* Rules 4 and 11, Rules of Procedure for the Commission on Judicial Conduct, 17B A.R.S. The provisions of article 6.1 apply to justices of the peace. Ariz. Const. art. 6.1, § 5.

■ Respondent conceded, as he must, that the conduct he admitted violates Canons 1, 2, 3, and 5 of the Code of Judicial Conduct adopted by Rule 81, Ariz.R.Sup. Ct., and that it violates article 6.1, § 4 of the Arizona Constitution. Specifically, respondent's conduct violates Canon 2 because it seriously undermines public confidence in the integrity and impartiality of the judiciary. Canon 2(A). Respondent violated Canon 3 in that his courtroom use of a telephone to obtain advice on cases from "friends of the court" manifested at best a lack of order and decorum in the proceedings before him. Canon 3(A)(2). Respondent further violated Canon 3 by participating in *ex parte* proceedings with representatives of the state and disposing of cases in a manner that denied defendants their full right to be heard according to law. Canon 3(A)(4). Finally, respondent violated Canon 5 by engaging in conduct that reflected adversely on his impartiality and interfered with the proper performance of his duties. Canon 5(C).

■ This court is now asked to dispose of the case by administering a public censure to respondent. Our choices are limited by the constitution to public censure, suspension from office, or removal from office. *See* Ariz. Const. art. 6.1, § 4. Because this case reached this court's calendar after respondent's term had expired, our choice of sanctions is necessarily limited to public censure. Respondent agreed not to seek election to any justice of the peace position in the future (Consent at 4), and we cannot remove or suspend him from an office he no longer holds. *In re Lehman*, 168 Ariz. 174, 812 P.2d 992 (1991); *In re Lockwood*, 167 Ariz. 9, 14, 804 P.2d 738, 743 (1990). However, as in *Lehman*, we do not believe it proper to simply administer a public censure without some explanation.

Although the record before us is quite limited, we consider respondent's conduct very serious. Respondent's misconduct in office manifests contempt for a fundamental right our system holds dear: the right to have one's day in court before an impartial tribunal. A judge should not sit on cases—let alone on "numerous cases"—when he is an officer or member of the board of directors of a corporate party to the case. It disturbs us more that respondent refused to recuse himself even after the conflict was made known. Respon-

**436**

dent's repeated use of a benchside telephone for *ex parte* contact with, among others, arresting officers in criminal cases, to assist him with the resolution of matters before him was highly improper. Our criminal justice system is premised on the notion that the "justice" of such inquisitorial methods, while no doubt swift, is seldom sure. Our tradition shows that when a defendant claims innocence, factual disputes are resolved through adversary proceedings, not *ex parte* telephone calls.

As in *Lehman*, respondent has committed serious judicial misconduct that constitutes abuse or corruption of the office itself. Absent the most significant mitigating circumstances, this court would not approve a mere public censure as the proper discipline for the abuse of office shown here. As noted, however, respondent does not hold office and cannot be suspended or removed. Accordingly, we accept and approve the Commission's recommendation that respondent be publicly censured.

## CONCLUSION

The conduct described and respondent's breach of the canons of the Code of Judicial Conduct constitute willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute, all of which violates article 6.1, § 4 of the Arizona Constitution. Respondent is hereby formally and publicly censured.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.